UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
PERLA BASTIEN-LARIVAUX, as Administratrix of the Estate of OCTA VIENNE BASTIEN,

        Plaintiff,

-against-

NEW YORK COMMUNITY HOSPITAL; NEW YORK-PRESBYTERIAN HOSPITAL; WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY; GABRIEL SPERGEL, M.D.; JACQUELIN BELAMY, M.D.,

        Defendants.
--------------------------------------------------------

**MEMORANDUM**
Case No. 09-CV-4899 (FB) (VVP)

*Appearances*:

*For the Plaintiff*:
PERLA BASTIEN-LARIVAUX, *pro se*
514 Main Street
Lodi, New Jersey 07644

*For Defendant New York Community Hospital*:
PHILIP L. SUTTER, ESQ.
Aaronson, Rappaport, Feinstein, & Deutsch, LLP
600 Third Avenue
New York, New York 10016

*For Defendant Jacquelin Belamy, M.D.*:
KATHRYN M. WALSH, ESQ.
355 Lexington Avenue
New York, New York 10017

*For Defendant Gabriel Spergel, M.D.*:
ANTHONY A. LENZA, JR., ESQ.
Amabile & Erman, P.C.
1000 South Avenue
Staten Island, New York 10314

**BLOCK, Senior District Judge:**

Perla Bastien-Larivaux ("Bastien"), plaintiff-administratrix in this wrongful death action pursuant to 42 U.S.C. §1983 and New York law, initially proceeded through counsel. However, on January 11, 2013, Magistrate Judge Viktor Pohorelsky granted counsel's motion to withdraw. Bastien was informed that the estate must be represented by counsel, and given until March 6, 2013, for new counsel to file a notice of appearance.

Bastien did not retain new counsel. The Court, however, granted Bastien's request for an extension of time to obtain an attorney, and advised her that the final deadline for doing so was April 22, 2013. Bastien was again advised that she could not proceed *pro se* and, that if an attorney failed to appear, the case would likely be dismissed. Bastien did not respond. Nor did she appear at the next status conference on May 29, 2013. Defendants New York Community Hospital, Jacquelin Belamy, and Gabriel Spergel, now move, pursuant to Federal Rule of Civil Procedure 41(b), to dismiss for failure to prosecute.

The Second Circuit has explained that "[i]nvoluntary dismissal for a plaintiff's failure to prosecute is a matter committed to the discretion of the trial court by Rule 41(b) . . . . However, dismissal is a harsh remedy to be utilized only in extreme [circumstances]." *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995) (internal quotations and citations omitted). When considering dismissal as a sanction for failure to prosecute, a district court must consider "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to

alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Nita v. Connecticut Dep't. of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994) (noting that no particular factor is dispositive). Here, however, those factors are inapposite; the question is not whether Bastien should be sanctioned for failing diligently to pursue her suit, but simply whether she intends to do so.

Based on Bastien's silence, the Court must infer that she has abandoned her suit. And although defendants New York Presbyterian Hospital and Weill Medical College of Cornell University have not moved to dismiss, the inference applies to the suit in its entirety. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, *sua sponte*, dismiss an action for lack of prosecution[.]"). Accordingly, the complaint is dismissed.

SO ORDERED.

/s/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
October 9, 2013

3